UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOGAN LAKE,

    Plaintiff,

    v.                                                                                  CAUSE NO. 3:21-CV-168-JD-MGG

U.S. COURT OF INTERNATIONAL
TRADE,

    Defendant.

OPINION AND ORDER

Logan Lake, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Lake alleges that, on December 30, 2020, he mailed, filed, and served documents on the Clerk/Agency Representative ("Clerk") of the U.S. Court of International Trade. ECF 1 at 2. These documents included a complaint, a notice of exhibits with a 130-page exhibit attached to the notice, an appearance, and three other documents. *Id*. However, he asserts that the Clerk failed to notify him that he had received and filed the documents.

In seeking this court's relief, he argues:

> The Clerk and the International Trade Court had an obligation under the person's promises to perform the discharge duties of that office in good faith, as per Corpus Juris Secundum (CJS) Offices and Public Employee § 59 and Restatement (Second) of Contracts § 205 cmt a (1979), under Clean-hands doctrine, as per CJS Equity § 102. To support the USCA Constitution, as per CJS Oaths and Affirmations §§ 1-2 and 8-11, for access of the Court 14 Amendment substantive constitutional principle applied to the procedural enforcement of laws with the substantive content of their provisions, as per CJS Constitutional Law §§ 700-773, 775-912, 916-917, 919-944. That requires Mr. Lake's authentication before the evidence is admissible placement in any/all official record of any kind of Judgment or Administration, as per CJS EVIDENCE §§ 813-815, 818-822, 824-1036, 1065, "PERIOD". Clerk officer and deputies of the International Trade Court or any other Court is responsible for filing papers, issuing process, and keeping records of court proceedings as genera[lly] specified as per CJS Courts § 236.

*Id.* at 2-3. Lake believes his constitutional rights were violated because the Clerk was negligent in the performance of his or her duties by not filing, issuing service of process, and keeping records of his complaint and documents. *Id.*

To the extent Lake takes issue with the alleged negligent actions of the Clerk, Lake's claim against the Clerk is barred by the doctrine of quasi-judicial immunity. *Miller v. Asbach*, No. 05C0828, 2006 WL 2527630, at *2 (E.D. Wis. Aug. 30, 2006). Clerks of court, trustees, and government attorneys are immune from suit when "performing functions intimately entwined with the judicial process." *Id.* (citing *Maus v. U.S. Bankr.Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir.1987) (court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process); *Walton v. Watts (In re Swift)*, 185 B.R. 963, 969-70 (Bankr. N.D. Ga. 1995) (as an arm of the bankruptcy court, a trustee merits such quasi-judicial immunity and is entitled to absolute immunity unless the

trustee acted in clear absence of any authority regarding the matter at issue); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir.1986) (non-judicial officials are entitled to judicial immunity if their official duties have an integral relationship with the judicial process). Because Lake's allegations make it clear that the Clerk's duties are integral to the judicial process, the Clerk is immune from suit.

Furthermore, Lake has failed to identify any constitutional violation against the Clerk, nor is the Clerk a state actor for purposes of Section 1983. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) ("In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law."). Therefore, Lake may not proceed against the Clerk.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A

SO ORDERED on January 25, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

3